Argued at Pendleton October 31, affirmed December 29, 1928.

F. T. GLASER v. DALE M. HASKIN.

(272 Pac. 890.)

526

For appellant there was a brief and oral argument by *Mr. George R. Wilbur.*

For respondent there was a brief and oral argument by *Mr. W. C. Winslow.*

BEAN, J.—In the first answer to plaintiff's complaint defendant set forth as a counterclaim the note of plaintiff given defendant for the sum of $2,482. Afterward an amended answer was filed with the counterclaim omitted. Plaintiff introduced the original answer in evidence. This was done over the objection and exception of defendant.

■ The main contention of defendant is that plaintiff cannot enforce the settlement contract for the reason that plaintiff did not give or tender a new note in place of the old note of his to defendant for the sum of $2,482, "without interest at rate of no per cent per annum until paid" due October 1, 1925.

The agreement in regard to a new note mentioned in the settlement contract set forth above may as well be considered in plaintiff's favor as for defendant's benefit. While it is in very general terms, it suggests an extension of time for payment which is usually for the benefit of the payor. Defendant claims that he desired a new note not overdue so that it would be better collateral security at a bank. At the time the settlement contract was made the note of plaintiff for $2,482.00 was in a bank at New-

berg, Oregon, as collateral security for defendant. Some time after the settlement of the first action a form of note was presented by defendant to plaintiff for his signature to be in lieu of the old note. This was dated back to January 22, 1926, due December 1, 1926, and provided for "interest after maturity at the rate of 8 per cent per annum until paid." Another form of note was also presented to plaintiff by the bank. Neither of the notes proffered to plaintiff for his signature conformed to the old note in that each of them provided for interest after maturity at the rate of 8 per cent per annum. Defendant, in his brief, suggests that under the agreement "the presumption would be that the parties intended the new note to be similar * * to the original," except as to the due date. The clause in the contract provides that Haskin agrees to take a new note "without interest." Plaintiff admits his liability on the old note and states in his brief that appellant can have credit on his judgment for this note without further litigation as disclosed by the pleadings before defendant filed his amended answer.

Plaintiff suggested and wrote an indorsement on one of the forms of notes making the note subject to the guaranties and conditions contained in the settlement contract which the defendant would not accept, and the parties failed to agree upon the terms of a new note. Under these circumstances, after a discussion of the matter, the testimony of plaintiff shows as follows:

"Well, he asked me—he says, what are you going to do about the note, and I told him I had presented a note, according to our contract, and asked him why—if that note would not be all right? Well, he said, the note was probably all right, but the bank

would not accept it as collateral in place of the other note, which they were holding as collateral, so, he would keep the new note—the old note. * * I told him that would be all right with me as far as that was concerned.''

This testimony as to the statement of defendant in regard to keeping the old note is corroborated by a witness for plaintiff and denied by defendant.

Under the conditions shown, after the agreement of settlement had been made and carried into effect to the extent of terminating the litigation in the case of *Glaser* v. *Haskin,* which was pending at the time of the settlement contract, and the delivery by defendant and the acceptance by plaintiff of the five pair of foxes, the defendant in the meantime retaining the old note, we think it was competent for the parties to agree that defendant should keep the old note and a new one should not be given by plaintiff. It was a mutual arrangement by which the plaintiff was subject at any time thereafter to an action on the old note, without availing himself of the benefit of the proposed extension of time for payment of the note. The promises were mutual and there was a sufficient consideration for each. In addition the defendant set up the old note in his first answer in this case which was tantamount to bringing an action thereon.

■ The defendant claimed that he rescinded the settlement contract for the reason plaintiff failed to renew the note. Could defendant rescind after he had received the benefit of the contract, by ending the pending litigation, and procuring the acceptance of the foxes by plaintiff, relying upon the guaranty of defendant, without placing or offering to place or being able to place plaintiff *in statu quo?* We think

not. The defendant could not obtain all of the benefit of the contract and retain the same and then rescind the contract.

■ Defendant requested the court to instruct the jury along the line as claimed by him and reserved an exception to the instruction given in lieu of the request. The court charged the jury in part as follows:

"I further instruct you that the law requires a consideration to pass from the plaintiff Glaser to the defendant Haskin for a waiver of the right of Haskin to insist upon a new note. If you find from the evidence that no such consideration did so pass, then, as a matter of law, there was no waiver. But, in this connection, I also instruct you that the term 'consideration' does not necessarily involve a monetary consideration and that a consideration can exist outside of a monetary one and based upon mutual promises or agreements between parties, or a promise from one to the other and whereby some benefit is received by one party and a consequent loss to the other."

See 2 Blackstone's Com. *445, Lewis ed., p. 901; *Cornely* v. *Campbell*, 95 Or. 345, 360 (186 Pac. 563, 187 Pac. 1103); 40 Cyc. 263. The latter portion of the instruction which was added by the court is objected to by defendant on the ground that the evidence did not justify it.

The defendant denied the agreement to retain the old note. The charge of the court properly submitted the question to the jury. It was germane to the issue as raised by the pleading and also to the conflicting testimony.

■ There was no error in giving the instruction as modified. There was a substantial compliance by plaintiff with the terms of the settlement contract:

*Crosland* v. *Sloan,* 123 Or. 243 (261 Pac. 701, 702). There was no breach of the contract on the part of the plaintiff so as to prevent him from enforcing the guaranties as found by the jury upon competent testimony.

During the season of 1926 plaintiff complained to defendant that three of the old foxes had gone "sampson" and that only five pair of the eleven pups produced from the foxes purchased would "pass inspection during the spring of 1926 and register."

■ At defendant's suggestion plaintiff took the three old foxes which went "sampson" and the five puppies, which would not register, to defendant's ranch at Hood River for an attempted settlement, which failed. Plaintiff left the three old foxes with defendant and took the five unregistered puppies home with him. As to the said three old foxes defendant denies that they went "sampson." The testimony on the part of plaintiff indicated that they did. As to the five young foxes the defendant contended that they would quite likely register in another year.

Haskin, by the contract, guarantees that he will "make up the balance which will pass inspection during the spring of 1926 and register." The testimony on the part of plaintiff tended to show that the five puppies were regularly inspected and failed to pass inspection and could not be registered. The testimony also indicated that plaintiff was damaged in the amount found by the jury. The testimony was conflicting. There was no error in the court denying defendant's motion for a directed verdict in his favor.

When plaintiff was at Hood River attempting to adjust the matter he offered to pay the defendant the balance of the purchase price represented by the old

note, if defendant would give him credit so as to make good defendant's guaranty.

■ The question involved was practically one of fact. The disputed testimony was submitted to the jury under proper instruction. The dispute is foreclosed by the verdict.

We find no error in the record. The judgment of the trial court is affirmed. AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.